COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER OF ABATEMENT

Appellate case name:        James Jesse Hubbard v. The State of Texas

Appellate case number:    01-15-00342-CR

Trial court case number:    14CR0848

Trial court:                        405th District Court of Galveston County

On February 24, 2015, appellant, James Jesse Hubbard, was found guilty as charged in the indictment of the second-degree felony offense of robbery following a jury trial. *See* TEX. PENAL CODE ANN. §§ 29.02(a)(1), (b) (West Supp. 2014). On March 27, 2015, after the trial court found the two enhancement paragraphs true that appellant had two prior felony convictions, enhancing his offense to a first-degree felony habitual as enhanced offense, it signed the judgment of conviction and assessed his punishment at forty years' confinement. *See id.* §§ 12.32(a), 12.42(b) (West Supp. 2014).[1]

On March 7, 2015, appellant, through trial counsel, filed a premature notice of appeal from the jury verdict, which is deemed timely filed on the date that sentence was imposed on March 27, 2015. *See* TEX. R. APP. P. 27.1(b). After appellant requested the appointment of counsel, the trial court appointed Greg Russell as his appellate counsel. However, no trial court's certification of appellant's right of appeal was included with the notice of appeal or clerk's record. *See id.* 25.2(d).

On September 29, 2015, appellant's appointed counsel filed a "Motion to Supplement Record," contending that the reporter's record was incomplete because it did not include State's Exhibits Nos. 1-4, and 6-7, which were the prior judgments and sentences of appellant used for enhancement purposes during the punishment phase. Appellant claims that, because these exhibits were not made part of the reporter's record

---

[1]     On March 31, 2015, the trial court entered a nunc pro tunc judgment of conviction by jury, finding that the March 27, 2015 judgment had a clerical error because the degree of the offense was incorrectly stated only as "Habitual As Enhanced."

for the punishment hearing, they were not included as exhibits with the reporter's record filed with this Court, and requests supplementation for appellant's brief, due by November 23, 2015. *See* TEX. R. APP. P. 34.6(g)(2).

After reviewing the reporter's record for the punishment phase and the Exhibit Volume, filed with this Court on July 24, 2015, the Court concludes that it does appear that State's Exhibits Nos. 1-4 and 6-7 were admitted but were not filed with the Exhibit Volume. According to the clerk's record, filed in this Court on April 23, 2015, Amri Davison, the deputy court reporter, tendered to the trial clerk the State's Exhibits Nos. 1-4, and 6-7 on April 20, 2015. However, State's Exhibits Nos. 1-4 and 6-7 were not included with the clerk's record. Thus, appellant's motion to supplement record is **granted**, and the trial clerk is **ordered** to file and certify, **within 30 days of this order**, a supplemental clerk's record with the Clerk of this Court containing a copy of the State Exhibit Nos. 1-4, and 6-7, which were admitted during the punishment phase on March 27, 2015, and file a copy of such exhibits in the above trial court cause number. *See* TEX. R. APP. P. 34.5(c)(1), (3).

In addition, the Clerk of this Court has examined the notice of appeal and the clerk's record in the above-referenced appeal and has determined that it does not comport with the Texas Rules of Appellate Procedure because it does not contain the trial court's certification of appellant's right of appeal of the nunc pro tunc judgment of conviction by jury, signed on March 31, 2015. *See* TEX. R. APP. P. 25.2(a)(2), (d). This constitutes notice to all parties of the defective certification. *See id.* 37.1.

Accordingly, we sua sponte **abate** and **remand** the cause to the trial court to execute a certification of appellant's right to appeal. *See* TEX. R. APP. P. 25.2(a)(2), (d). On remand, the trial court may, but does not need to, conduct a hearing or have the appellant present to sign the certification. The trial court clerk is directed to file a supplemental clerk's record containing the certification with this Court **within 30 days of the date of this order.** *See* TEX. R. APP. P. 34.5(c)(2).

This appeal is abated, treated as a closed case, and removed from this Court's active docket. This appeal will be reinstated on this Court's active docket when a supplemental clerk's record and supplemental reporter's record, if any, that comply with this order are filed with the Clerk of this Court. Appellant's appellate brief will be due to be filed **within 30 days** after the requested records are filed in this Court. *See* TEX. R. APP. P. 38.6(a)(2).

It is so **ORDERED**.

Judge's signature: /s/ <u>Evelyn V. Keyes</u>
                              ☒ Acting individually    ☐ Acting for the Court
Date: October 8, 2015